FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAR -8 A 10: 15
CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD TURNER,

    Petitioner,

v.

    CIVIL ACTION NO.: CV212-201

Warden HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard Turner ("Turner"), who is incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Turner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Turner contends that the Bureau of Prisons failed to comply with the sentencing court's order that he was to receive credit from December 31, 2005, until September 22, 2008. Turner contends that he was housed at a detention center in Los Angeles, California, during that time period. Respondent avers that Turner did not exhaust his administrative remedies prior to filing this petition.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[1] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

2

remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.14(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11"). Id.

Turner did not exhaust his administrative remedies regarding his sentence computation claim before he filed this section 2241 petition. According to Dawn Giddings, a Management Analyst with the Bureau of Prisons, Turner has filed only one (1) administrative remedy while in the BOP's custody, and that administrative remedy concerned a disciplinary action. (Doc. No. 9-1, ¶ 17). This declaration appears to be supported by a printout of Turner's Administrative Remedy Generalized Retrieval form, which reveals that Turner filed Administrative Remedy Request Numbered 479184-F1 on January 14, 2008. According to the "remarks" section, Turner wished to have his phone privileges returned. (Doc. No. 9-2, pp. 38-39). Because Turner failed to exhaust

72A
v. 8/82)

his administrative remedies concerning his sentence computation before filing this cause of action, his petition should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Turner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE